`

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Muna Al Humedi, | No. CV-22-00150-TUC-JR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Muna Al Humedi ("Al Humedi") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner"). (Doc. 1.) The matter is ripe for decision. (Doc. 19, 20, 21.) All parties have consented to decision being rendered by the undersigned United States Magistrate Judge. (Doc. 11.) As more fully set forth below, the decision of the Commissioner will be reversed and the matter remanded for further proceedings.

## BACKGROUND

### Procedural History

On January 14, 2019, Al Humedi protectively filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act") alleging a disability onset date of January 14, 2019. (Administrative Record "AR" 13, 207-212.) Al Humedi's claim was denied initially on May 1, 2019 and on reconsideration on September 18, 2019. (AR 76-92, 93-106.) Hearings were held before an Administrative Law Judge

("ALJ") on September 3, 2020 and January 14, 2021. (AR 30-49, 50-75.) In a decision dated February 5, 2021, the ALJ determined Al Humedi was not disabled. (AR 13-25.) On February 2, 2022, the Appeals Council denied AL Humedi's request for review thus making the ALJ's decision final for judicial review. (AR 1-6.) *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

**Brief Factual History**

Al Humedi was born in 1985 and was 33 years old years old, or a younger person in the eyes of the administration, on the application date. (AR 23.) She is illiterate in English and has no past relevant work. (AR 23, 237.) Arabic is her only language. (AR 594.)

In her adult function report dated February 25, 2019, Al Humedi endorsed difficulty standing and walking because of abdominal pain, difficulty sleeping, and difficulty being in public due to depression. (AR 237.) She claims depression interferes with her personal care. (AR 238.) She used to cook, but now she shows her daughter how to cook. (AR 239.) She has six[1] children and her husband and daughter perform all household chores. (AR 59, 239, 727.) She is afraid of being alone and needs someone with her. (AR 240.) Her husband does all the shopping and manages all the family's financial responsibilities. *Id.*

At the September 3, 2020 administrative hearing Al Humedi explained that she can read neither Arabic nor English and that she never attended school. (AR 58-59.) She was unsure when she had arrived in the United States. (AR 59.) When asked how many people she lived with, she replied that she did not know numbers, and had to give the names[2] of her husband and children so that family members could be counted. (AR 59.) She testified that her husband and children do the housework although she helps a little bit. (AR 59-60.) She does not go anywhere. While she has a driver's license, she does not drive. (AR 61-62.)

---

[1] A December 16, 2020 behavioral health record notes that Al Humedi had a seventh child that died when he was 10 months old. (AR 727, 729.) The record notes that the child's death "was traumatic and [that Al Humedi is] still distressed." *Id.* As of December 16, 2020, Al Humedi's children's ages are noted as ranging from eight to fifteen years old. (AR 730.)
[2] Al Humedi gave the names of seven children. (AR 59.)

Al Humedi suffers from fatigue, headaches, abdominal pain, and joint pain. (AR 62.) She has nightmares of her father dying, causing fatigue. (AR 62.) She hears voices when she sits alone. (AR 63.) She has heard voices since before coming to the United States. (AR 64-65.) She forgets things, such as turning off the stove. (AR 65.) She does not nap during the day to make up for lost sleep at night because her nightmares also occur in daytime, and she worries about her family. (AR 66.)

At the January 14, 2019 administrative hearing, medical expert David Peterson, Ph. D., opined that Al Humedi would not have more than mild limitation in any of the four broad areas of mental functioning. (AR 35-36.) His opinion is primarily based on a June 10, 2020 report of stability with Latuda. (AR 35, 709.)

**The ALJ's Decision**

At step one, the ALJ determined that Al Humedi had not engaged in substantial gainful activity since January 14, 2019, the application date. (AR 15.) At steps two and three, the ALJ determined that while Al Humedi suffered from the medically determinable impairments of anxiety disorder, adjustment disorder, headaches, obesity, and constipation, she does not have a severe impairment or combination of impairments that met or equaled a listed impairment. (AR 16-23.) After step three but before step four, the ALJ determined Bartlett's residual functional capacity ("RFC") stating:

> After careful consideration of the entire record, the undersigned finds, that while no limitations are attributable to her mental impairments or combination of impairments, the claimant is vocationally limited as follows: the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: The claimant has no functional ability to read, write, or speak English

(AR 23.) At step four, the ALJ determined that Al Humedi has no past relevant work. *Id.* At step five, the ALJ found Al Humedi able to perform other work that exists in significant numbers in the national economy such as housekeeping cleaner, cleaner II, and icer. (AR 24.)

**STANDARDS OF REVIEW**

A claimant is "disabled" for the purpose of receiving benefits if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. pt. 404.1505(a). "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996); *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner employs a five-step sequential process to evaluate SSI claims. 20 C.F.R. pt. 404.1520; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes her from performing her past work. 20 C.F.R. pt. 404.1520(a)(4). At step five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. pt. 404.1520(a)(4).

**ISSUES ON REVIEW**

Al Humedi raises two issues. (Doc. 19 at 2.) First, she urges that the ALJ's analysis of opinion evidence of record—mostly Dr. Peterson's opinion—is not based upon substantial evidence. *Id*. at 7-10. Second, she urges that the ALJ failed to articulate clear and convincing reasons to discount her symptom testimony. *Id*. at 11-14. The Commissioner argues against AL Humedi's claim of error. (Doc. 20 at 5-15.)

As more fully explained below, the Court finds that the ALJ failed to give specific, clear and convincing reasons for discounting AL Humedi's symptom testimony and that this error is not harmless. According, the Court will reverse the decision of the ALJ and remand the matter for further proceedings.

# ANALYSIS

## Credibility Analysis

Disability benefits cannot be granted based solely on a claimant's subjective complaints. *See* 42 U.S.C. § 423(d)(5)(A) ("[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability"); 20 C.F.R. pt. 404.1529(a) (statements about pain or other symptoms will not alone establish disability). Where a claimant has provided objective medical evidence of an impairment that could reasonably produce the alleged symptoms, the ALJ evaluates the intensity and persistence of the symptoms. *See* SSR 16-3P, 2016 WL 1119029. The ALJ is required to evaluate whether a claimant's statements about her symptoms are consistent with the objective medical evidence and the other evidence in the record. *See* 20 C.F.R. pt. 404.1529(c)(2), (3); SSR 16-3P, 2016 WL 1119029.

The ALJ must make specific findings about a claimant's allegations, properly supported by the record and sufficiently specific to ensure a reviewing court that the claimant's subjective testimony was not arbitrarily discredited. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)). Unless there is affirmative evidence that a claimant is malingering, an ALJ's reasons for discounting the claimant's testimony regarding the severity of his symptoms must be "clear and convincing." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

"If the ALJ's . . . finding is supported by substantial evidence, [a court] may not engage in second-guessing." *Kelly L. K. v. Saul*, No. 5:20-cv-1773-MAR, 2021 WL 3269981, at *6 (C.D. Cal. July 30, 2021) (quoting *Thomas*, 278 F.3d at 959). A court must "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." *Kelly L. K.*, 2021 WL 3269981, at *6 (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The court is constrained to only consider the reasoning actually given by the ALJ. *Kelly L. K.*, 2021 WL 3269981, at *6 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained

to review the reasons the ALJ asserts . . . [and] may not take a general finding . . . and comb the [AR] to find specific conflicts." (citation omitted))).

Here, the ALJ supports his decision to discount Al Humedi's symptom testimony with the finding that (1) there are inconsistencies between subjective reports and objective findings and normal findings on mental status examinations, *i.e.*, a lack of objective medical support; (2) there are discrepancies between Al Humedi's reported activities to providers and the administration; and (3) Al Humedi experienced improvement with medication. (AR 18.) As explained below,[3] the Court finds that the ALJ failed to support his credibility determination with specific, clear and convincing reasons.

<u>Improvement with Medication</u>

As mentioned, the ALJ supports his reduced credibility determination with a finding that Al Humedi's condition improved with treatment. (AR 18.) Al Humedi points out that the ALJ's finding improperly equates an improvement while on medication to an improvement to the point of non-disability. (Doc. 19 at 12-13.) The Commissioner argues to the contrary, insisting that "a person does not have to be symptom-free to be able to work." (Doc. 20 at 14.) As explained below, the Court agrees with Al Humedi.

"[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citing 20 C.F.R. pts. 404.15a(c)(1), 416.920a(c)(1)). Here, the ALJ relied upon a single medical record dated June 10, 2020 reasoning, ". . . reports from the claimant, her husband, and treaters indicated improvement with the use of medication, particularly Latuda." (AR 18.) The June 10, 2020 medical record relied upon by the ALJ states, in relevant part, "Client said the Laduta is working well, has no issues with it, and that things are going well. Client reported no new issues and that she's feeling stable ("the [L]atuda helps me sleep") . . Client sounded stable . . ." (AR 709.) The medical record also notes that Al Humedi's "overall progress" is "unchanged." *Id*.

First, this single medical record does not support the ALJ's finding that reports

---

[3] The Court takes the reasons relied upon by the ALJ out of order.

- 6 -

(plural) from Al Humedi's husband and her medical providers (plural) indicate improvement with the use of medication. Al Humedi's husband is not referenced in the June 10, 2020 medical record nor are multiple medical providers. (AR 648.) Second, the term stable in the medical context means "steady; not varying; resistant to change." *See* Stable, *Steadman's Medical Dictionary*, (28th Ed. 2006). The term "stable" noted in the June 10, 2020 medical record does not support a finding that Al Humedi's condition is improved as the ALJ states. Indeed, the June 10, 2020 medical record notes that Al Humedi's "overall progress" is "unchanged." (AR 709.)

As pointed out by Al Humedi, medical records post-dating the June 10, 2020 medical record relied upon by the ALJ document that her condition is not improved. For instance, a July 28, 2020 medical record notes that Al Humedi ran out of Latuda and experienced increased depression and anxiety. (AR 743.) Al Humedi's major depressive disorder diagnosis was recorded as "deteriorated," and her psychosomatic disorder and insomnia diagnoses were recorded as "unchanged." *Id*. A December 4, 2020 medical record notes that Al Humedi "continues to feel very depressed, has a lot of flashbacks and nightmares from trauma . . . [t]akes medication as rx'ed, finds it helps, but is very bothered by nightmares, will start trial of clonidine." (AR 724.) On December 4, 2020 Al Humedi was assessed a new diagnosis of chronic post-traumatic stress disorder, and her pre-existing diagnoses of major depressive disorder and generalized anxiety disorder were recorded as "unchanged." (AR 724-725.)

In light of the foregoing, the Court finds that the ALJ's determination that Al Humedi's condition improved with medication compliance is not a specific, clear and convincing reason to discount her symptom testimony.

Discrepancies in Reported Activity

The ALJ found that there are "discrepancies between [Al Humedi's] reported activities to providers and the Social Security Administration[.]" (AR 18.) The ALJ reasoned, "[s]ignificantly, while she reported that she does not cook in her function reports, both she and her husband told providers that the claimant's strengths/hobbies were her love

for caring for her children and cooking for them." *Id*. AL Humedi argues that this is not a clear and convincing reason because her statements are not inconsistent especially in light of her inability to speak, read or write English. (Doc. 19 at 13-14.) The Commissioner does not address Al Humedi's argument urging that the Court "does not have to reach the issue." (Doc. 20 at 15.)

The ALJ relies on a behavioral health record dated December 27, 2019, wherein Humedi's husband is recorded as follows: "**31. – What are your hobbies/interests? What do you enjoy doing?** 'She loves to take care of her children, like making dinner, cook for them.' " (AR 681.) (Bold in original.) The ALJ also relies on a behavioral health record dated December 16, 2020, wherein Al Humedi is recorded as follows: "**31. – What are your hobbies/interests? What do you enjoy doing?** 'Love to take care of my children, like making dinner, & cook for them.' " (AR 727, 730.) (Bold in original.) The ALJ found that the above two statements were inconsistent with a statement in Al Humedi's February 25, 2019 adult function report wherein she is recorded as stating, "I used to do some cooking. I only help show my daughter how to cook." (AR 239, 244.)

The Court agrees with Al Humedi that the statements identified by the ALJ regarding cooking are not sufficiently inconsistent to support the ALJ's determination that inconsistency in reported activity is a specific, clear and convincing reason for discounting her symptom testimony. Based on her inability to read, speak or write English, at all times Al Humedi was assisted by an interpreter and at times the interpreter was her husband. As a result, Court is mindful that Al Humedi's statements made in Arabic may not translate literally into English. Thus, without more, the Court finds that Al Humedi's translated statements regarding cooking are not sufficiently inconsistent. Indeed, the record instructs reviewers, such as this Court, to take into consideration language and cultural differences in interpreting data. *See*, *e.g*., AR 598 (April 11, 2019, psychological evaluation stating, *inter alia*, "[a]dditionally, due to cultural and language differences the examination should be interpreted with caution.").

Given the slight variation in the statements relied upon by the ALJ—all of which

were recorded by an interpreter due to Al Humedi's inability to read, speak or write English—the Court declines to find an inconsistency in reported activity that rises to the level of a specific, clear and convincing reason to support a reduced credibility determination.

### Lack of Objective Medical Support

Lastly, the ALJ supports his reduced credibility determination with a finding that there was a lack of object medical findings to support Al Humedi's complaints. (AR 18.) As pointed out by Al Humedi, a lack of objective medical findings alone is not a sufficient basis to support an adverse credibility determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony); *Dschaak v. Astrue*, No. CV-10-1010-PK, 2011 WL 4498835, *1 (D. Or. Sept. 27, 2011) (holding that "once the[ ] other bases for the ALJ's decision were discarded as erroneous, the ALJ's [adverse subjective testimony] determination could not rely solely on conflicts with the medical evidence").

As explained above, the Court finds that the other reasons stated by the ALJ for discounting Al Humedi's symptom testimony—improvement with medication compliance and discrepancy in reported activity—are not specific, clear and convincing reasons. Thus, a lack of objective medical support, now standing alone, is not a specific, clear and convincing reason for rejecting Al Humedi's symptom testimony.

**The Error is Not Harmless**

While this Court found the ALJ erred in discounting Al Humedi's symptom testimony, an ALJ's decision will not be reversed for an error that is harmless. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Burch*, 400 F3d at 679). An error is harmless if the reviewing court can confidently conclude that no reasonable ALJ could have reached a different disability determination. *Stout*, 454 F.3d at 1056. Stated another way, an error is harmless if it is inconsequential to the non-disability determination. *Id.* at 1055.

Here, the ALJ's non-disability determination relies on his discrediting Al Humedi's symptom testimony. (AR 18.) As such, the Court cannot conclude that the ALJ's erroneous analysis of Al Humedi's subjective complaints is harmless. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (holding that an ALJ's failure to adequately support reason for discounting claimant testimony "will usually not be harmless").

**Remand is Appropriate**

Upon finding the ALJ committed reversible error, the Court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Al Humedi seeks remand for further proceedings. (Doc. 19 at 14.)

The Court finds that remand to the Commissioner is appropriate. On remand, the ALJ's credibility determination must be revisited along with Al Humedi's claim that the ALJ improperly determined that Dr. Peterson's opinion is persuasive. *See Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) (determining that "th[e] [c]ourt need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Vaughn v. Berryhill*, 242 F. Supp. 3d 998, 1010 (E.D. Cal. 2017) (dispensing of exhaustive analysis of plaintiff's remaining issues because "[t]he ALJ's . . . evaluations of [p]laintiff's [testimony] . . . are inescapably linked to conclusions regarding the medical evidence").

…

…

…

…

…

**CONCLUSION**

For the foregoing reasons, the decision of the ALJ will be reversed and the matter remanded to the Commissioner for further administrative proceedings. Accordingly,

**IT IS HEREBY ORDERED REVERSING** the decision of the Administrative Law Judge and **REMANDING** this matter for further administrative proceedings. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**Dated this 19th day of January, 2023.**

*Jacqueline M. Rateau*
Honorable Jacqueline M. Rateau
United States Magistrate Judge